Richard S. Heller, J.
This is a claim for personal injuries sustained by the claimant when his auto left a State highway, went over an embankment and collided with trees bordering the right of way.
The accident happened on Route 73 in the town of Schroon, Essex County, on January 26,1954. Claimant was driving home to Severance from Ticonderoga, where he was employed. The time was approximately 11:30 p. m.
It was clearly established that just east of where the accident happened both lanes of the highway were covered with ice for a distance estimated at 200-300 feet. It was also established that the ice had been there for at least two weeks prior to this accident.
Claimant called certain State employees as his own witnesses. The light maintenance foreman testified that the road had been sanded on January 18,1954 and again on January 20,1954. From January 20 until the accident on January 26 nothing more was done by the State to protect the traveling public, even though all of the evidence indicates that a dangerous condition continued to exist even after the two sanding operations.
This hazard, known to the State, was not remedied and it constitutes negligence.
Negligence on the part of the State cannot in itself guarantee to the claimant a recovery for his damage. Unless the claimant can show that he was not, in part, responsible for the accident by some negligent act, he cannot recover.
Claimant knew that the road was covered with ice at this particular place. He had driven over this road twice daily, Monday through Friday, during the entire period, i.e. January 12 to January 26, at approximately the same hour.
Witnesses for the claimant established that this ice was the only ice on Route 73 between Ticonderoga and Severance. Another witness who rode back and forth to work with the claimant emphasized that the claimant was well aware of the ice.
On the night of the accident claimant was driving westerly at a speed of 40-45 miles per hour. It was raining slightly but visibility was good. As claimant approached the ice he stated he decreased the speed of his car to 20-25 miles per hour in anticipation of crossing the hazard in safety.
As soon as claimant’s car got on the ice patch it started to skid. Claimant applied power to come out of the first skid and *702 immediately went into two or three other skids. He extricated himself by applying power to his engine. Unfortunately his car finally ran out of ice, came upon the bare pavement, went out of control and the collision followed.
The State established that claimant usually drove over this ice patch at a speed of 40-45 miles per hour. Claimant considered this a safe speed because his ear was equipped with '‘ abrasive tires.” On the night of the accident, however, he had decreased his speed because of the rain, which he must have anticipated would add to the danger already existing.
It was incumbent upon the claimant to use reasonable care in avoiding the hazard which he knew existed. The mere fact that he reduced his speed to what he considered safe does not measure up to the precaution that a'prudent man would have taken under all the circumstances.
The negligence of the State was not the sole proximate cause of the accident as it could not have happened without the negligent act of claimant.
The motion of the State is granted and the claim is dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)