Bichard S. Heller, J.
This claim for property damage and personal injuries arose when claimant’s car skidded on Boute 96-A a State highway leading from Geneva to Ovid.
On October 6, 1955 claimant had driven to Geneva from his home in Bomulus and started his return trip at approximately *154 3:45 p.m. He was driving southerly on Route 96-A about four miles south of the Route 5-20 intersection when his car skidded and went off the east edge of the macadam two-lane road and struck a tree. This collision caused the injuries and- the damage to the car.
Temple was familiar with this road having driven over it many times. He knew that this road was slippery when wet. He knew it was patched and rough in spots. And in particular he knew of all these conditions at the very spot or location where the accident happened.
The proof established that the road was wet at the time of the accident, i.e., 4:30-5:00 p.m., October 6, 1955; that other accidents occurred at this same location on previous occasions; and that the State knew or should have known of the condition of the highway. Claimant’s contention of unusual roughness is not established.
Providentially, for the State and other travelers, a foreman of the Department of Public Works had erected a “ slippery when wet ’ ’ sign north of the exact location of the accident between 2:00 and 2:15 p.m., on October 6,1955, just two and one half hours before the accident. This was an approved standard sign and was located properly to warn southbound traffic. At the same time another sign was placed some distance to the south to warn northbound traffic.
Claimant observed this new sign as he approached a location he had known was slippery for years. There are undoubtedly times when a lapse of memory or other reasons might excuse claimant but under all the circumstances presented here the claimant has failed to establish his freedom from contributory negligence. (Tyrell v. State of New York, 4 Misc 2d 700, affd. 6 A D 2d 958.)
The claim must be dismissed.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. (Civ. Prae. Act, § 440.)
Let judgment be entered accordingly.