Richard S. Heller, J.
This claim is for injuries alleged to> have been suffered by claimant who states that he was caused! to trip on a defective shoulder of Route 7, a State highway, at about 10:00 a.m. on Sunday, August 24, 1958.
Claimant lived on Beach Ridge Road just south of the intersection of this road with State Highway Route 7. His residence' was in the Town of Colesville, Broome County, New York, and! he had lived at this residence since 1941 with the exception of about two years early in the 1950’s.
Route 7 is a 24-foot highway with dirt shoulders 10 feet wide; on each side and runs from Binghamton to Harpursville in a generally west to east direction as it approaches Beach Hill! Road. From Beach Hill Road west Route 7 goes up a substantial grade for more than 1,000 feet but the road is straight; to the brow of the hill.
Sanders had left his home on this Sunday morning to borrow' a ladder from a neighbor who lived on the south side of Route 7,, a distance of approximately 1,000 feet westerly of the Beach: Hill Road intersection. Claimant testified that as he walked! westerly on the south shoulder he knew of some 10 or 12 depressions varying from a minimum of 8 inches in depth, 1% feet in: width and 12 feet or more in length which ran from the edge: of the shoulder. He testified that he knew of these depressions; for a long period of time prior to the day of the accident.
Claimant further testified that after he had borrowed a 12-foot wooden ladder from his neighbor he started for home carrying: the ladder on his shoulder still knowing that these depressions, were present.
Claimant, carrying a heavy ladder, chose to descend a steep grade on the south shoulder which he claimed was seriously rutted instead of crossing to the north shoulder to go towards his home over a route he knew to be in good condition and one over which he would be facing the flow of traffic.
In any event claimant started down the hill on the south shoulder and when he was approximately 150 feet west of the intersection previously mentioned he claimed he stepped into a depression of more than 8 inches and twisted his leg. Claimant did not fall. After pausing a moment he proceeded to his home and worked until 3 or 4 o’clock in the afternoon when the pain in his leg forced him to quit.
Three days later claimant saw- a doctor who prescribed rest and gave him medication for pain which included two injections of cortisone. X rays were taken which were negative. Mr. Sanders was out of work from August 29, 1958 to October 13, i958 and claims lost wages of $514.21, His doctor bill was $56 *603 and he has expended $3 for medication. He still complains of pain from the injury described by his doctor as damage to the cartilage.
Considerable construction work had been done at this section of Eonte 7 during 1957 and the Spring and Summer of 1958. The last work done on the hill in question was in July, 1958 when the edge of the south shoulder was graded for a distance of 200 feet west of the intersection of Beach Hill Eoad and Eonte 7. At that time there were no depressions or wash-outs on the south shoulder near the alleged accident and the construction work had been completed.
Upon this record and considering all the facts it is the finding of the court that the State was not negligent in the maintenance of the shoulder at the point where the claimant states he twisted his leg. Even if there were ruts or depressions at other points on the day of the accident, the court would still have to deny the claim because of the contributory negligence of the claimant. (Tyrell v. State of New York, 4 Misc 2d 700, affd. 6 A D 2d 958.)
The motion made by the Attorney-General at the close of the State’s case is granted and the claim is dismissed.
No findings were submitted by either party.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.